SUN VAPOR STREET LIGHT CO. *v.* WESTERN STREET LIGHT CO. *et al.*

*(Circuit Court, N. D. Iowa, E. D.    January 7, 1892.)*

1. PATENTS FOR INVENTIONS—INFRINGEMENT—METHOD FOR SUPPLYING STREET-LAMPS
   WITH OIL.
      The first claim of letters patent No. 222,856, issued December 23, 1879, to Henry
   S. Belden, for a method of supplying street-lamps with oil, consisting in providing
   the lamps with removable reservoirs of a number greater than the lamps, and pro-
   viding a conveyance for transporting filled reservoirs, and substituting them for
   the emptied ones, is not infringed by a device for transporting filled reservoirs and
   substituting them for the emptied ones, which does not use the case or rack for
   conveying the reservoirs described in the Belden patent. ·

2. SAME—OIL RESERVOIR.
      The second claim of letters patent No.'286,211, issued October 9, 1883, to Alfred
   L. Mack, for an oil reservoir having its bottom set in to form a flange to fit over
   and upon a suitable tank adapted for permanent connection to the service pipe of a
   lamp, said bottom having an opening provided with a screw-cap, and air and feed
   pipes connected thereto, is not infringed by a device which does not combine a
   screw-cap with the feed and air pipes, and which does not use a second pipe as a
   feed-pipe, the patent being limited to the entire combination, none of its elements
   being new.
      41 Fed.·Rep. 43, affirmed.

In Equity.    Bill of review.
*Charles R. Miller* and *Lake & Harmon,* for complainant.
*Henderson; Hurd, Daniels & Kiesel,* for defendants.

SHIRAS, J.    The present proceeding was instituted for the purpose of
obtaining a review of the conclusions reached on the original hearing of
this cause, and which are shown in the opinion reported in 41 Fed.
Rep. 43.    As stated in that opinion, the complainant company is the
owner of the letters patent No. 222,856, issued to Henry S. Belden, and
No. 286,211, issued to Alfred L. Mack, and the defendant company is
charged with infringing the first claim of the Belden patent, and the
second and third claims of the Mack patent.    Upon the bill of review
and the accompanying evidence counsel for complainant have very fully
and ably reargued the questions considered at the original hearing,
claiming that as to both patents the court in the decision heretofore
rendered. gave too narrow a construction thereto.

So far as the Belden patent is concerned, all that is shown in the evi-
dence is that the defendant company uses detachable reservoirs, in
number greater than the lamps in use, and conveys the same back and
forth in a wooden box, with compartments so arranged as to keep the
reservoirs in an upright position.    Unless the Belden patent is to be con-
strued to be broad enough to cover all means of utilizing the idea of
having more reservoirs than lamps, so that a filled may be substituted
for an empty reservoir, I do not see how it is possible to sustain the
charge of infringement of the first claim of the Belden patent.    The box
used by defendant for the transportation of the reservoirs is not a copy
or imitation of the rack described in the Belden patent, and in fact
the argument of complainant in this particular really shows that the
claim made is for the use of more than one reservoir for each lamp.

If complainant is entitled to protection under this first claim of the Belden patent, it would be entitled to demand it if it appeared that defendant's reservoirs were carried to and fro in the hands or pockets of its employes. The specifications in the Belden patent clearly show that before that date detachable reservoirs were in use in connection with street-lamps, and which were taken from the lamp-post to a store-house to be filled and returned. It may have been a valuable improvement in the method, but it was not invention, to utilize the already known plan of having more than one reservoir, so that, when the empty one was removed, it could be replaced with another, filled and ready for use. The finding in the original opinion that it does not appear that the defendant infringes the Belden patent must therefore be reaffirmed.

Upon the question of infringement of the second claim of the Mack patent, it is now pressed in argument that the valuable feature therein is the use of an air-pipe so arranged that air can pass through it into the upper part of the reservoir, when the same is in place, and thus the bubbling caused when the air passes through the oil is prevented, and a steady flow of oil from the reservoir to the tank results, thus securing a steady flame. It is evident that the second claim in the Mack patent was intended to to secure a reservoir of the form and with the attachments therein described, that is to say, a reservoir having its bottom set in to form a flange or rim, having an opening provided with a screw-cap, and air and feed pipes connected therewith. The claim covers this combination, and the drawings and specifications show that it embraces a reservoir with the set-in bottom, having therein an opening covered with a screw-cap through which passes an air-pipe and a feed-pipe. I do not think this claim can be enlarged to cover any and all means by which air may be admitted to the top of the reservoir, without passing through the oil, but that it must be confined to a reservoir having the combination therein set forth, to-wit, an opening in the bottom, through which the reservoir is filled, and which opening is then closed with a screw-cap having attached thereto an air-pipe and a feed-pipe. In all the claims of the patent we find it provided that the air and feed pipes are to be connected to the screw-cap, the purpose being that they may be covered or closed with a valve or stopper, so that evaporation will be prevented as well as the passage of dirt into the reservoir. I do not think it is shown that Mack was the original inventor of any one or more of the elements forming the reservoir and its attachments described in the patent in question, and therefore claim second of the patent must be held to be for a combination of known elements, and must be limited to the form therein described, one of the main features of which is the screw-cap having secured thereto an air-pipe and a feed-pipe. In the lamps of the defendant company, the feed-pipe shown in the Mack combination is not used, nor is the air-pipe secured to the screw-cap, and it therefore cannot be held that the Mack combination is infringed. If the contention of complainant in this particular is well founded, then it would follow that the use, in any way or form,

of a pipe to convey the air into the reservoir above the oil would infringe the second claim of the Mack patent, and I do not think such a construction of the claim is allowable. The decree originally entered dismissing complainant's bill will therefore be affirmed, and it is so ordered.